# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>IN THE MATTER OF THE SEARCH OF THE<br>CELLULAR TELEPHONE ASSIGNED CALL<br>NUMBER (209) 225-7510 | ) ) ) ) ) ) Case No. 2:23-mj-53 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
The cellular telephone assigned call number (209) 225-7510, with International Mobile Subscriber Identity 310260068756578, that is stored at a premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ, 07054.

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized):*
Property that constitutes evidence of the commission of and/or property designed or intended for use or which is or has been used as a means to commit criminal offenses as described in Attachments A and B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Possession with the Intent to Distribute Cocaine |

The application is based on these facts:
See Attached Affidavit

- ☒ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

William Jake VonEssen, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 30, 2023

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(209) 225-7510,** WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY 310260068756578. | Case No. 2:23-mj-53<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, William Jake VonEssen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (209) 225-7510, with International Mobile Subscriber Identity 310260068756578, with listed subscriber Irma MALDONADO (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ, 07054.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since January of 2022. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I am empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of 21 U.S.C. § 878. I hold a Bachelor's Degree in Aerospace from Middle Tennessee State University. I have undergone the following training:

  a. I have completed the DEA Basic Agent Training Academy, which is a 17-week course in Quantico, VA that includes (but is not limited to) training in the following areas: surveillance, undercover operations, report writing, confidential source management, drug identification, legal principles, search warrant operations, case initiation and development, interview and interrogation, defensive tactics, physical training, and firearms proficiency. I continue to receive training on a daily basis by conducting criminal drug investigations and drawing from the expertise of agents more experienced than myself.

  b. Additionally, as a DEA Special Agent, my experience includes participating in criminal arrests, conducting physical surveillance, trash seizures, searching for evidence during court-authorized search warrants, and authoring search warrants as well as subpoenas.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

2

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) are being, and will be committed by the user of (209) 225-7510. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

7. On January 29, 2023, the DEA Chicago Division Office in Chicago, IL contacted the DEA Columbus District Office in Columbus, OH regarding drug intelligence, via statements, made from a Will County Sheriff's Office confidential source (the "CS"). The following statements that the CS made can be described as self-incriminating so the facts they mention are inherently reliable. In addition, the CS was found to be in possession of twenty-one kilogram 'cases' that they described as 'cocaine' prior to making the following statements. The CS stated that he/she were to deliver, via motor vehicle, the twenty-one kilograms of cocaine to a recipient in Columbus, OH within the next few days. The CS went on to describe that he/she would pick the day, time, and location of the meeting in Columbus, OH and would communicate that to the recipient of the drugs. Furthermore, the CS described that he/she receive information about the delivery and recipient from a source in El Paso, TX using telephone number (505) 907-9080 over

3

WhatsApp. Investigators believe that the user of that telephone number is Alejandro Janitzio BELTRAN.

8. On January 30, 2023 the CS was contacted by telephone number (505) 907-9080 and was provided details by (505) 907-9080 about payment for the drug delivery. The CS was told that he/she would receive payment for the delivery on Wednesday (February 1, 2023) for completing the drug delivery as long as the delivery took place the day before on Tuesday, January 31, 2023. The payment would include expenses for the CS, such as a hotel to stay the night in Columbus from Tuesday to Wednesday, and food, along with the money for the cocaine. (505) 907-9080 also passed the telephone number for the recipient of the drugs in Columbus, OH to the CS: (209) 225-7510 (the Target Cell Phone).

9. Based on my training and experience, it's common for drug couriers like the CS to not be given drug customer information such as name, address, and telephone number until a delivery is imminent. This is often to limit the amount of information given to drug couriers and to thwart law enforcement action by giving investigators limited time to research and investigate the information before drug transactions are completed.

10. Investigators have corroborated the statements made by the CS described in paragraphs seven (7) and eight (8) through multiple phone calls monitored by investigators with the Chicago Division Office that took place on January 29, 2023 and January 30, 2023. Investigators believe that the location of the Target Cell Phone will lead investigators to additional evidence, co-conspirators, and locations of interest.

11. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information

about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

13. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and

retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

15. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

16. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's

services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

17. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

18. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

January 30, 2023

Respectfully submitted,

William Jake VonEssen
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on January 30, 2023, 2023

Kimberly A. Jolson
United States Magistrate Judge

7

## ATTACHMENT A

**Property to Be Searched**

1. The cellular telephone assigned call number **(209) 225-7510,** with International Mobile Subscriber Identity 310260068756578, with listed subscriber Irma MALDONADO (the "Target Cell Phone"), whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, NJ, 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of forty-five days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 841(a)(1) involving.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.